IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTONIO C. MONROE,

Petitioner,

v.  Civil Action No. **3:16CV856**

DIRECTOR OF THE VIRGINIA
DEPARTMENT OF CORRECTIONS,

Respondent.

## MEMORANDUM OPINION

Antonio C. Monroe, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Respondent moves to dismiss. Monroe has responded, and has also filed a Motion to Strike Respondent's Rule 5 Answer ("Motion to Strike," ECF No. 12). For the reasons stated below, the Motion to Dismiss (ECF No. 7) will be GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART, and Monroe's Motion to Strike (ECF No. 12) will be DENIED AS MOOT.

### I.  PROCEDURAL HISTORY

On June 3, 2014, in the Circuit Court for the City of Virginia Beach, Virginia ("Circuit Court"), Monroe pled guilty to possession with the intent to distribute cocaine; possession of a firearm by a non-violent felon; conspiracy to manufacture, sell, give, or distribute cocaine; and possession with the intent to distribute cocaine, second or subsequent offense. (ECF No. 2–1, at 2.) On October 2, 2014, the Circuit Court entered judgment against Monroe and sentenced him to a total of 42 years of imprisonment, with all but seven years and six months suspended. *Commonwealth v. Monroe*, No. CR13–3506, at 2 (Va. Cir. Ct. Oct. 2, 2014). Monroe did not appeal.

On January 15, 2014, Monroe filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Monroe v. Dir. of the Dep't of Corr.*, No. CL15–132 (Va. Cir. Ct. filed Jan. 15, 2014). On April 23, 2015, Monroe filed a Motion for Nonsuit. Petitioner's Motion for Nonsuit at 1, *Monroe v. Dir. of the Dep't of Corr.*, No. CL15–132 (Va. Cir. Ct. filed Apr. 23, 2015). On April 28, 2015, the Circuit Court granted Monroe's motion and nonsuited his petition for a writ of habeas corpus. *Monroe v. Dir. of the Dep't of Corr.*, No. CL15–132, at 1 (Va. Cir. Ct. Apr. 28, 2015).

On September 28, 2015, Monroe filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Monroe v. Clarke*, No. 151451 (Va. filed Sept. 28, 2015). In his petition, Monroe raised the following claim for relief:

| | |
|---|---|
| Claim One: | "The defense attorney did not adequately communicate with him or investigate his case. The fact that the officers had no search warrant or affidavit at the time of entry was not argued by his attorney, therefore overlooked by the courts." (*Id.* at 8.) |

On May 16, 2016, the Supreme Court of Virginia dismissed Monroe's habeas petition. (ECF No. 9–1, at 2.)

Thereafter, Monroe filed his § 2254 Petition, in which he raises the following claims for relief:[1]

| | |
|---|---|
| Claim One: | "The petitioner has offered a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." (*Id.* at 5.) |
| Claim Two: | "The search upon which the prosecutor relied exclusively for physical, damning evidence violated the Fourth and Fourteenth Amendments to the U.S. Constitution [and] their Virginia |

---

[1] The Court employs the pagination assigned to Monroe's submissions by the CM/ECF docketing system. The Court corrects the punctuation and capitalization in quotations from Monroe's submissions.

|  | counterparts based upon the facial invalidity of the search warrant." (*Id.* at 6.) |
|---|---|
| Claim Three: | "The chain of custody of the items of evidence eventually alleged to have been seized at the residence was clearly, unambiguously, and unequivocally broken when other individuals were in the residence for long periods immediately prior to the search when the defendant was not present." (*Id.* at 8.) |
| Claim Four: | "Monroe was deprived of his right to the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments when counsel failed and refused to raise the issues set forth herein above and argue them before the state court." (*Id.* at 10.) |

## II. ANALYSIS

### A. Claim One

In Claim One, Monroe asserts that he "has offered a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." (§ 2254 Pet. 5.) Respondent contends that Claim One does not provide any basis for federal habeas relief because "Monroe is challenging in this claim the habeas ruling of the Virginia Supreme Court, not the judgment in the state criminal case that has resulted in his incarceration." (Br. Supp. Mot. Dismiss 13, ECF No. 9.) In essence, Respondent believes that Monroe is challenging the following conclusion by the Supreme Court:

> In another portion of claim (1), petitioner contends he was denied the effective assistance of counsel because counsel failed to adequately communicate with petitioner or investigate his case. Specifically, petitioner alleges he advised counsel of the defects in the search warrant, but counsel refused to challenge the validity of the warrant on the ground that it was not supported by probable cause and was not properly filed.
> The Court rejects this portion of claim (1) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. *Anderson v. Warden*, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981).

(ECF No. 9–1, at 2.)

To the extent that Monroe is challenging the Supreme Court of Virginia's conclusion, Respondent is correct that Claim One does not provide any basis for federal habeas relief. "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted). This is so because Monroe is detained as a result of the underlying state convictions, not the state collateral proceedings. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Accordingly, to the extent Monroe raises this challenge, he is not entitled to any relief.

However, generously construing Claim One, Monroe is also asserting that his guilty plea was involuntarily entered because he was subjected to "coercive tactics" by counsel. (§ 2254 Pet. 5.) Monroe contends that "counsel overcame his will to plead not guilty and insist upon a jury trial by false representations that Monroe would definitely receive a life sentence in the event he opted to try the case." (Mem. Supp. § 2254 Pet. 10–11, ECF No. 2.) Respondent has not addressed the merits this aspect of Monroe's claim. Accordingly, Respondent's Motion to Dismiss will be DENIED WITHOUT PREJUDICE to Respondent's right to file a further response which addresses the portion of Claim One that alleges that his guilty plea was not knowing and voluntary due to ineffective assistance from counsel.

**B. Claim Two**

In Claim Two, Monroe contends that the search of his apartment violated the Fourth Amendment because the search warrant upon which officers relied was facially invalid. (§ 2254 Pet. 6.) Respondent argues that "[b]ecause [Monroe] was afforded a full and fair opportunity to litigate Fourth Amendment challenges in state court, he is precluded from litigating such claims in federal habeas corpus." (Br. Supp. Mot. Dismiss 14 (citing *Stone v. Powell*, 428 U.S. 465 (1976)).)

The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494 (footnote omitted). "The rationale for the [Supreme Court's ruling in *Stone*] was that, in the context of a federal habeas corpus challenge to a state court conviction, 'the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of the application of the rule persist with great force.'" *United States v. Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985) (quoting *Stone*, 428 U.S. at 494–95).[2] Therefore, in a habeas proceeding, when a federal district court is faced with Fourth Amendment claims, it should "first inquire as to whether or not the petitioner was afforded an opportunity to raise his Fourth Amendment claims under the then *existing state practice*." *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978) (capitalization corrected) (emphasis added). Whether the petitioner was afforded such an opportunity "may be determined . . . from the relevant state statutes, the applicable state court decisions, and from judicial notice of state practice by the district court." *Id.* (citation omitted). Here, it is well established that the Commonwealth of Virginia provides criminal defendants, such as Monroe, with "an opportunity to present [their] Fourth Amendment claims by a motion to suppress both at the trial court level and thereafter to assign as an error, an adverse ruling thereon, on appeal." *Id.* (citations omitted).

When, as here, the state has provided the petitioner with an opportunity to raise his Fourth Amendment claims at trial and on appeal, this Court need not inquire further "unless the

---

[2] The exclusionary rule "deflects the truthfinding process and often frees the guilty," *Stone*, 428 U.S. at 490; therefore, it "has been restricted to those areas where its remedial objectives are thought most efficaciously served." *Id.* at 486–87 (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)).

[petitioner] alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired." *Id.* (citation omitted).

Because Virginia provided Monroe with an opportunity to raise his Fourth Amendment claims at trial and on appeal, this Court need not inquire further unless Monroe demonstrates "that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired." *Id.* The United States Court of Appeals for the Fourth Circuit has admonished that "the burden of pleading and proof is upon [the petitioner] to indicate in the petition . . . the reasons he has, and the facts in support thereof, as to why he contends he did not receive an opportunity for a full and fair litigation of his Fourth Amendment claims." *Id.* at 1266 (capitalization corrected). Monroe fails to indicate in either his § 2254 Petition or his Response to the Motion to Dismiss that his opportunity for a full and fair litigation of his Fourth Amendment claim was in some way impaired. At best, he vaguely faults counsel for failing to take advantage of this opportunity.[3] Accordingly, Claim Two will be DISMISSED.

C.  **Claim Three**

In Claim Three, Monroe contends that "[t]he chain of custody of the items of evidence eventually alleged to have been seized at the residence was clearly, unambiguously, and unequivocally broken when other individuals were in the residence for long periods immediately prior to the search when the defendant was not present." (§ 2254 Pet. 8.) Monroe argues that his "co-defendant's girlfriend and [his] girlfriend were in, and in control of, the residence during times immediately prior to the alleged time of the alleged execution of a search warrant. They undoubtedly had sufficient time and opportunity to plant evidence and/or tamper with existing

---

[3] In Claim Four, Monroe argues that "[c]ounsel did absolutely nothing to procure evidence to show the facial and internal validity of the search warrant." (Mem. Supp. § 2254 Pet. 24.) He asserts that he "did, in fact, communicate his desire to litigate these issues formally before the court, and counsel, despite Monroe's wishes, chose to litigate a motion to suppress based solely upon a perceived lack of probable cause." (*Id.*)

evidence." (Mem. Supp. § 2254 Pet. 17–18.) The Court construes Claim Three to assert that the evidence was not sufficient to support Monroe's convictions because the prosecution failed to establish that Monroe possessed the items seized from his residence.

Respondent argues that this Court should defer to the Supreme Court of Virginia's ruling regarding Claim Three. (Br. Supp. Mot. Dismiss 15.) The Supreme Court of Virginia applied the rule set forth in *Peyton v. King*, 210 Va. 194, 169 S.E.2d 569, 571 (Va. 1969), and refused to consider Claim Three on habeas review because a "voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea." (*Id.*; ECF No. 9–1, at 1–2.) However, as discussed *supra* in Part II.A., the Court has generously construed Claim One to assert that Monroe's plea was not knowingly, voluntarily, or intelligently entered into because it was coerced through false representations made by counsel. Thus, at this time, Respondent fails to demonstrate that *Peyton*, or any corresponding federal jurisprudence, bars Claim Three from review here. Accordingly, Respondent's Motion to Dismiss will be DENIED WITHOUT PREJUDICE to Respondent's right to file a further response which addresses the merits of Claim Three.

### D. Claim Four

Respondent argues that with respect to Claim Four, Monroe's ineffective assistance claim, this Court should defer to the Supreme Court of Virginia's conclusion that the rule in *Anderson v. Warden*, 281 S.E.2d 885 (Va. 1981), precluded review of Monroe's claim because his allegations contradicted his representations at his guilty plea colloquy. (Mem. Supp. Mot. Dismiss 16.) Respondent fails to adequately explain why the Court should enforce that bar under the present circumstances. *See Davis v. Mitchell*, No. 3:09CV37, 2010 WL 1169956, at *5 (E.D. Va. Mar. 24, 2010) (citing *Royal v. Taylor*, 188 F.3d 239, 247–48 (4th Cir. 1999); *Slavek v.*

*Hinkle*, 359 F. Supp. 2d 473, 490–91 (E.D. Va. 2005)) (noting that "the rule in *Anderson* is not considered an adequate and independent ground for procedural default"). Thus, the Court cannot grant the Motion to Dismiss based on Respondent's argument that Monroe's guilty plea precludes review of this claim. Accordingly, Respondent's Motion to Dismiss will be DENIED WITHOUT PREJUDICE to Respondent's right to file a further response which addresses the merits of Claim Three.

### III. OUTSTANDING MOTION

In his Motion to Strike, Monroe asserts that Respondent's "answer and motion to dismiss wholly and totally fail to address the allegations in Claim 2." (Mot. Strike 2.) Monroe also alleges that Respondent has "neither admitted nor denied the allegations set forth in Claims 2, 3, and 4 of the petitioner's petition for habeas corpus relief." (*Id.*) The Court has already determined that Monroe is precluded from litigating Claim Two. Moreover, the Court has concluded that Respondent has not adequately addressed Claims Three and Four and will direct Respondent to file a further response regarding those claims. Accordingly, Monroe's Motion to Strike (ECF No. 12) will be DENIED AS MOOT.

### IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be GRANTED with respect to Claim Two and DENIED WITHOUT PREJUDICE with respect to Claims One, Three, and Four. Claim Two will be DISMISSED. Monroe's Motion to Strike (ECF No. 12) will be DENIED AS MOOT. Respondent will be DIRECTED to file, within thirty (30) days of the date of entry hereof, a further response, which may raise any procedural defenses and must address the merits of Claims One, Three, and Four.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/30/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

9